UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

                        Plaintiffs,
                                                     REPORT &
            -against-                             RECOMMENDATION
                                                      CV-08-2428 (CPS)

SPECIALTY FLOORING SYSTEMS, INC.,

                        Defendant.
----------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

       Plaintiffs bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover delinquent contributions for 2007 through 2008. Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendant on August 15, 2008. The Honorable Charles P. Sifton then referred the matter to me to conduct an inquest and to report and recommend on the amount of damages, if any, to be awarded.

## DISCUSSION

*1.    Liability*

       Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the

relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Plaintiffs have established the elements of liability required to state a claim pursuant to 29 U.S.C. § 1145. Defendant signed a CBA effective July 1, 2005 through June 30, 2008 with Local 282. Schreiber Aff. Ex. B. Pursuant to the CBA, Specialty Flooring was required to make contributions on behalf of its employees to the plaintiff ERISA Funds. Compl. ¶ 8. In their complaint, plaintiffs allege that Specialty Flooring failed to make contributions to the Funds for several months in 2007 and 2008. *Id*. ¶¶ 9-10. Defendant's failure to make contributions as required by the CBA thus constitutes a violation of ERISA and its liability has been established.

Plaintiffs also seek additional amounts that became due and owing during the pendency of this action. Federal Rule of Civil Procedure 54(c) generally limits recovery on a default judgment to the relief sought in the complaint. FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Rule 54(c) is not violated, however, where a court awards damages that accrued during the pendency of the litigation so long as a defendant was put on notice in the complaint that plaintiff might seek additional unpaid contributions that become due and owing. *See King v. STL Consulting, LLC*, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006); *Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005). Here, plaintiffs specifically included a request for unpaid contributions that became due and owing during this litigation. Compl. ¶ 21. Defendant had sufficient notice that it could be held liable for these monies, and I therefore respectfully recommend that defendant be held liable for any unpaid contributions, and any damages related

to those unpaid contributions, that accrued during this litigation.[1]

*2. Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendant has not submitted any opposition to plaintiffs' motion. Accordingly, a hearing on the issue of damages is not warranted.

When plaintiffs originally filed this action on June 18, 2008, they sought unpaid contributions to ERISA Funds alleged to be owed for the following months: March, June, and October of 2007, and January through March of 2008. Compl. ¶¶ 9, 10. The contributions due for March and June, 2007 and January 2008 were paid before the complaint was filed, but were not paid timely, and delinquency charges remain outstanding. Schreiber Aff. ¶¶ 16, 17, 26. While this action was pending, Specialty Flooring paid the contributions due for February

---

[1] As discussed further below, although defendant has now paid all contributions that accrued during this litigation, it paid them late. It is not clear that ERISA provides a basis for statutory damages on contributions that were paid, albeit untimely, *after* a lawsuit is filed. *See* discussion p. 4. Nonetheless, as a matter of contract law, plaintiffs are entitled to interest and liquidated damages on late-paid contributions that accrued while this litigation was pending.

through June, 2008. Schreiber Supp. Aff. ¶ 4. Accordingly, the only outstanding principal contributions are those due for October, 2007.

With respect to months other than October, 2007, plaintiffs seek interest and liquidated damages on contributions that were paid, but were paid late. Some of the contributions were paid before the lawsuit was filed and some accrued, and were paid, after the lawsuit was filed. *See* Schreiber Aff. ¶¶ 16, 17, 26; Schreiber Supp. Aff. ¶¶ 8-24. ERISA does not provide a statutory basis for damages on delinquent contributions that were paid prior to filing suit. The damages outlined in 29 U.S.C. § 1132(g)(2) specifically refer to interest and liquidated damages as percentages of the *unpaid* contributions. *See* 29 U.S.C. §§ 1132(g)(2)(B) ("interest on the unpaid contributions"), (g)(2)(C)(ii) ("liquidated damages . . . in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A)"); *see also Iron Workers Dist. Council of W. N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1507 (2d Cir. 1995) (explaining that to obtain one or all of the measures of relief set forth in 29 U.S.C. § 1132(g)(2), "the action must be one to enforce the obligation to pay contributions under § 1145, and therefore no such suit can be commenced in the absence of unpaid contributions"); *Huff v. Cruz Contracting Corp.*, 2009 WL 305933, at *3-4 (S.D.N.Y. Jan. 29, 2009) (collecting cases for the proposition that ERISA's damages provisions are applicable only to contributions unpaid at the time suit is filed). The same reasoning may be applied to late-paid contributions that accrued after the suit was filed.

The CBA, however, provides a contractual basis for the assessment of interest, liquidated damages, and attorney's fees in the event of untimely contributions. *See Finkel v. INS Elec. Servs. Inc.*, 2008 WL 941482, at *5 (E.D.N.Y. Apr. 4, 2008); *LaBarbera v. T&M Specialities,*

*Ltd.*, 2007 WL 2874819, at *2 (E.D.N.Y. Sept. 27, 2007). The Trust Agreement, incorporated by reference in the CBA, provides for interest at the rate of 18% per annum and the CBA provides for liquidated damages in the amount of 20% of the delinquent contributions. Schreiber Aff. ¶ 15 and Exs. C, D. In addition, the Trust Agreement provides that plaintiffs are entitled to an award of attorney's fees in any collection action. *Id.* Ex. C.

I now calculate the amounts due under § 1132(g) and the CBA. First, I recommend that plaintiffs be awarded $4,880.55 in principal for the October, 2007 contribution, the only contribution that remains outstanding. Plaintiffs have explained how this amount was determined, Schreiber Aff. ¶¶ 19-23, and the calculation appears to be correct. In addition, plaintiffs are entitled to interest at the rate of 18% per annum beginning from August 15, 2008, to be calculated by the Clerk of the Court at the time of judgment.[2] Plaintiffs' calculations of interest and liquidated damages appear correct and I recommend that they be awarded interest and liquidated damages at the rates cited above. Accordingly, I calculate that plaintiffs are entitled to $2,074.63 in interest and $6,012.28 in liquidated damages. Finally, plaintiffs seek reimbursement for $5,725.40 in attorney's fees and costs.[3] Plaintiffs complied with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), which requires that contemporaneous time records be submitted with all fee applications.

---

[2] Plaintiffs have already calculated interest on the October, 2007 contribution through August 15, 2008, the date they filed their motion for default judgment. Schreiber Aff. ¶ 24.

[3] In their billing records, it appears that plaintiffs' counsel has separated time spent on behalf of Tier 1 union members and Tier 2 union members, but plaintiffs' submission nowhere makes this explicit. *See*, *e.g.*, Schreiber Supp. Aff. Ex. L pp. 1, 5 (two billing entries dated Aug. 12, 2008 each billing .1 hours for the same work). During the time permitted for objections, plaintiffs' counsel shall submit an affidavit attesting to the fact that counsel divided any time spent between the Tier 1 and Tier 2 categories.

Schreiber Aff. Ex. J; Schreiber Supp. Aff. Ex. L. The hourly rates and time expended appear reasonable and should be approved.

Adding the amounts for unpaid contributions, interest, liquidated damages, and fees and costs in the Schreiber Affidavits, I calculate a total of $18,692.86 due and owing to plaintiffs.[4] Schreiber Aff. ¶¶ 16, 17, 24, 26, 44 and Statement for Judgment; Schreiber Supp. Aff. ¶¶ 8, 10, 13, 16, 18, 20, 22, 24, 25. Accordingly, I recommend that plaintiffs be awarded a total of $18,692.86, comprised of $4,880.55 in principal for the October, 2007 contribution that remains due and owing, $2,074.63 in interest, $6,012.28 in liquidated damages, and $5,725.40 in attorney's fees and costs. I further recommend that plaintiffs be awarded interest on the $4,880.55 in unpaid principal at the rate of 1.5% per month, beginning from August 15, 2008, the last date from which plaintiffs calculated interest, through the date of judgment, to be calculated by the Clerk of the Court.

Lastly, plaintiffs seek an injunction permanently enjoining defendant from any future violation of the CBA.[5] Schreiber Aff. ¶¶ 47-49. A court may issue an injunction on a motion for

---

[4] Plaintiffs seek a total of $20,270.91. Schreiber Supp. Aff. ¶ 26. Some of the unpaid contributions plaintiffs sought in their motion were estimates that were calculated based on a formula provided for in the Trust Agreement because defendant failed to submit remittance reports for those months. Schreiber Aff. ¶¶ 19, 24, 27 31-35, 38-43. In their supplemental submission, however, plaintiffs indicate that defendant subsequently submitted the remittance reports for all months except October, 2007 and the reports indicate that a lesser amount than what plaintiffs previously calculated was actually due. *Compare*, *e.g.*, Schreiber Aff.¶ 31 *with* Schreiber Supp. Aff. ¶ 8. This apparently explains the difference in the totals.

[5] It is not clear whether plaintiffs are currently pressing their application for injunctive relief. In their motion for default judgment, plaintiffs sought a permanent injunction, Schreiber Aff. ¶¶ 47-49, but plaintiffs do not request any injunctive relief in their supplemental submission in response to my Order dated October 15, 2008, *see* Docket Entry 8. Nonetheless, for the reasons discussed in the text, plaintiffs have not established that they are entitled to a permanent injunction.

default judgment provided that the moving party shows that "(1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *La Barbera v. Les Sub-Surface Plumbing, Inc.*, 2008 WL 906695, at *10 (E.D.N.Y. Apr. 3, 2008). Plaintiffs satisfy the first condition because an injunction is an available remedy under 29 U.S.C. § 1132(g)(2)(E). As to the second requirement, a party seeking an injunction must demonstrate irreparable harm and the absence of an adequate remedy at law. *See, e.g., Rondeau v. Monsinee Paper Corp.*, 422 U.S. 49, 57, 95 S. Ct. 2069, 2075 (1975). Plaintiffs' conclusory allegations fail to establish irreparable harm and the absence of an adequate remedy at law. *See* Schreiber Aff. ¶¶ 47-49. Defendant has now paid all outstanding principal contributions due and owing except for the amount due for October, 2007. Many of the payments were made while this litigation has been pending, thus demonstrating that a lawsuit provides an adequate remedy. Moreover, the CBA at issue in this case expired on June 30, 2008 and plaintiffs have not indicated whether it has been extended. *See* Schreiber Aff. ¶ 9 and Ex. B. It is therefore not clear that defendant has any continuing obligation to plaintiffs. For all these reasons, I respectfully recommend that injunctive relief not be included in the final judgment entered in this case. *See King v. STL Consulting, LLC*, 2006 WL 3335115, at *9 (E.D.N.Y. Oct. 3, 2006) (denying plaintiffs' application for a permanent injunction where plaintiffs failed to establish the likelihood of continued ERISA violations and failed to establish that a money judgment was an inadequate remedy); *LaBarbera v. David Liepper & Sons, Inc.*, 2006 WL 2423420, at *6 (E.D.N.Y. July 6, 2006) (denying plaintiffs' application for a permanent injunction and finding that plaintiffs failed to demonstrate irreparable harm and the absence of an adequate remedy at law).

Any objections to the recommendations made in this Report must be filed within ten days of this Report and Recommendation and, in any event, on or before March 25, 2009. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989). Plaintiffs are hereby directed to serve a copy of this Report upon defendant at its last known address, and to file proof of service with the Court.

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
March 10, 2009